**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4906**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ORVILLE SINCLAIR, a/k/a George Saintdane, a/k/a Orville
George Saintdan Sinclair,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:08-cr-00273-RBH-1)

_____

Submitted:  December 29, 2010     Decided:  January 28, 2011

_____

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

John M. Ervin, III, Darlington, South Carolina, for Appellant.
Carrie Ann Fisher, Assistant United States Attorney, Florence,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Orville Sinclair pled guilty to possession of a firearm and ammunition by an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2), and 924(e) (2006). The parties stipulated in the plea agreement to a twenty-month sentence. See Fed. R. Crim. P. 11(c)(1)(C). The district court accepted the plea agreement and, under that agreement, was bound to sentence Sinclair to twenty months, which it did.

On appeal, Sinclair's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal but questioning (1) the validity of Sinclair's guilty plea in light of the court's failure to address Sinclair's immigration status at his plea hearing and (2) whether Sinclair was denied effective assistance of counsel in the district court. Sinclair filed a pro se supplemental brief asserting several claims of ineffective assistance of counsel. We affirm in part and dismiss in part.

Turning to the validity of Sinclair's guilty plea, where, as here, the defendant did not move to withdraw his guilty plea in the district court, we review the adequacy of the plea for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the record on appeal leads

us to conclude that the district court fully complied with the mandates of Rule 11 in accepting Sinclair's plea. Moreover, the district court ensured that Sinclair's guilty plea was knowing and voluntary and was supported by a sufficient factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Sinclair contends that his plea was invalid because the district court did not inquire into the impact his plea agreement would have on his immigration status. Assuming without deciding that the district court had such an obligation, we note that Sinclair's substantial rights were unaffected because he was an illegal alien[*] and therefore his guilty plea had no bearing on his deportability. Cf. Padilla v. Kentucky, 130 S. Ct. 1473, 1486 (2010) (holding that trial counsel had a duty to inform client who is a resident legal alien whether his guilty plea "carries a risk of deportation").

Sinclair contends that he was denied effective assistance of counsel in the district court. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th

---

[*] On appeal, counsel contends that Sinclair is "alleged" to be an illegal alien. Sinclair did not object in the district court to the Government's characterization of him as an illegal alien and there is no evidence to the contrary in the record before us.

3

Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring such claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion, unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295. Because the record does not conclusively show that Sinclair's counsel was ineffective, we decline to consider these issues on direct appeal.

With regard to Sinclair's sentence, we do not have jurisdiction over this portion of the appeal. Under 18 U.S.C. § 3742(c) (2006), a defendant's appeal of a sentence to which he stipulated in a Rule 11(c)(1)(C) plea agreement is limited to circumstances where "his sentence was imposed in violation of law [or] was imposed as a result of an incorrect application of the sentencing guidelines." United States v. Sanchez, 146 F.3d 796, 797 (10th Cir. 1998); United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997).

Here, Sinclair's sentence was not imposed in violation of law. His twenty-month sentence is well within the maximum sentence of ten years of imprisonment provided by 18 U.S.C. § 924(a)(2) (2006). Additionally, his sentence is not the result of an incorrect application of the guidelines. A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the guidelines. United States

4

v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005); Littlefield, 105 F.3d at 528. Because § 3742(c) bars review of a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement and none of the exceptions apply, we dismiss the appeal of Sinclair's sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Sinclair's conviction and dismiss the appeal of his sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART