ON MOTION FOR CERTIFICATION AND MOTION FOR REHEARING EN BANC
PER CURIAM.
We deny Appellant’s Motion for Certification and Motion for Rehearing En Banc but withdraw our previous per curiam af-firmance and substitute the following opinion in its place.
In June 1980, appellant entered a plea to possession of methaqualone and received a term of probation. In March 2011, more than thirty years later, appellant filed a Rule 3.850 motion for postcon-viction relief claiming that he was entitled to withdraw his plea because his attorney did not advise him that the plea carried a risk of deportation. Appellant relies on Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010); however that decision does not apply retroactively to cases that were final when it was decided. Hernandez v. State, 61 So.3d 1144 (Fla. 3d DCA 2011), rev. granted, 81 So.3d 414 (Fla.2012); Davis v. State, 69 So.3d 315 (Fla. 4th DCA 2011). The trial court correctly determined that the motion was extremely untimely.
As noted by the State, the motion was also insufficient because it failed to allege or demonstrate that the conviction in this case was the sole ground for removal. See Forrest v. State, 988 So.2d 38, 40 (Fla. 4th DCA 2008). Further, at the time of the plea in 1980, the law in Florida was that neither the trial court, nor counsel, had a duty to advise a defendant about collateral consequences of the plea, such as the possibility of deportation. State v. Ginebra, 511 So.2d 960 (Fla.1987).

Affirmed.

STEVENSON, TAYLOR and GERBER, JJ., concur.