ON MOTION FOR REHEARING

PER CURIAM.
We grant appellant’s motion for rehearing, withdraw our previous opinion, and substitute the following opinion in its place.
On July 1, 2009, appellant, a citizen of Argentina, entered a negotiated guilty plea to possession of oxycodone and possession of a Schedule IV controlled substance. In August 2011, he filed a timely motion for postconviction relief claiming, among other things,[1] that the court did not advise him about the deportation consequences of his plea and that, pursuant to Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), counsel was ineffective in failing to advise him about deportation.
The trial court denied the motion after an evidentiary hearing. The court found that the plea colloquy was sufficient and that the plea was voluntarily entered. The trial court did not, however, address appellant’s Padilla claim in its order.
We affirm the denial of appellant’s motion. We agree with the trial court that appellant’s claim that he was not advised about the possibility of deportation is refuted by the record and without merit. Appellant signed and initialed a plea form that advised him about the possibility of deportation. See Fla. R.Crim. P. *390 3.172(c)(8). During the plea colloquy, appellant, who has no difficulty with the English language, acknowledged under oath that he had read and understood the plea form. Peart v. State, 754 So.2d 723 (Fla. 4th DCA 1999).
It is unnecessary for us to decide whether Padilla applies in this case because appellant was illegally in this country prior to his arrest. At the evidentiary hearing, appellant’s immigration attorney testified that appellant entered the United States in May 2000 under a visa waiver that permitted him to remain in the country for ninety days. Appellant overstayed and illegally remained in the United States. In 2010, he married a United States citizen and later attempted to obtain an adjustment in his immigration status to that of lawful permanent resident. Immigration authorities denied his request and advised him that he was in the country illegally and must depart. According to his counsel on appeal, appellant has returned to Argentina.
Thus, at the time he entered his plea, appellant was removable because he overstayed his visa waiver for nearly a decade. He has not shown that his guilty plea to the drug offenses is the only basis for his removal. Forrest v. State, 988 So.2d 38 (Fla. 4th DCA 2008). Appellant has not demonstrated that, at the time he entered his plea, he had a legitimate expectation that he would be allowed to remain in this country. Accordingly, appellant is not entitled to postconviction relief based on insufficient advice about the deportation, consequences of the plea.

Affirmed.

MAY, C.J., TAYLOR and CONNER, JJ., concur.

. Appellant's amended motion also contended that he was entitled to relief under Shelton v. Secretary, Department of Corrections, 802 F.Supp.2d 1289 (M.D.Fla.2011), rev’d, 691 F.3d 1348 (11th Cir.2012), because Florida’s controlled substance law was unconstitutional. This claim is without merit and has not been argued on appeal. State v. Adkins, 96 So.3d 412 (Fla.2012); Maestas v. State, 76 So.3d 991 (Fla. 4th DCA 2011).