PER CURIAM.
We affirm in all respects the trial court’s summary denial of appellant’s untimely motion for postconviction relief. We write to explain the various reasons why petitioner is not entitled to relief on his claim that counsel was ineffective in giving him inaccurate advice about the immigration consequences of the plea. The trial court correctly concluded that Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), does not apply retroactively to this August 8, 2002 plea. Chaidez v. United States, — U.S. -, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013); Hernandez v. State, 124 So.3d 757 (Fla. Nov. 21, 2012).
Further, as argued by the State in its response below, appellant is not subject to deportation based solely on his plea in this case, which is a requirement for obtaining relief under Padilla. Ioselli v. State, 122 So.3d 388, 2013 WL 611781 (Fla. 4th DCA Feb.20, 2013) (citing Forrest v. State, 988 So.2d 38 (Fla. 4th DCA 2008)); see also Diez v. State, 102 So.3d 19, 20 (Fla. 4th DCA 2012).
The Department of Homeland Security’s Notice to Appear for removal proceedings reflects that appellant is an illegal alien and is subject to removal on that basis alone. As an illegal alien, appellant had no legitimate expectation that he would be allowed to remain in this country when he committed the offenses and entered the plea at issue. Joseph v. State, 107 So.3d 492 (Fla. 4th DCA Feb.13, 2013) (“Padilla applies only to those who were present in the country lawfully at the time of the plea.”). Any reliance that appellant allegedly placed on counsel’s purported advice that appellant would not be deported as a result of this plea is unjustified and illegitimate. The possibility that Ibarra might otherwise qualify for an adjustment in status is not a basis for relief. See Rosas v. State, 991 So.2d 1003 (Fla. 4th DCA 2008).

Affirmed.

WARNER, DAMOORGIAN and LEVINE, JJ., concur.