[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10990
Non-Argument Calendar
_____

D.C. Docket Nos. 1:10-cv-02748-JEC,
1:07-cr-00051-JEC-RGV-1


JUAN PABLO GUTIERREZ,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 26, 2014)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Pablo Gutierrez, a federal prisoner proceeding *pro se*, appeals from the

denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. §

2255, which challenged the voluntariness of his guilty plea based on ineffective assistance of counsel.  We affirm.

## I

Mr. Gutierrez pled guilty, pursuant to a plea agreement, to one count of conspiracy to possess at least one hundred kilograms of marijuana with the intent to distribute, in violation of 21 U.S.C. §§ 841(b)(1)(B)(vii) and 846.  A federal grand jury had indicted Mr. Gutierrez on five drug-trafficking related charges, and the district court had denied Mr. Gutierrez's motion to suppress evidence of his statements and physical evidence seized during his arrest.

During the plea hearing, the district court inquired about Mr. Gutierrez's immigration status in his presence with a Spanish interpreter.  Defense counsel responded that Mr. Gutierrez was present in the United States illegally.  The court then explained to Mr. Gutierrez: "I don't know how long you've been in this country and I don't know how much you know about our legal system, but again, if you have any questions, just let me know."  D.E. 301 at 6.  Mr. Gutierrez did not ask any questions at that time.

The district court accepted the plea after it confirmed that Mr. Gutierrez understood his exposure to a possible maximum sentence of forty years of imprisonment and to a five year mandatory minimum; the rights he was giving up by pleading guilty; the nature of the charge; and the court's obligation to calculate

2

a sentencing guideline range and its ability to impose a sentence above or below that range. Mr. Gutierrez also acknowledged the terms and consequences of the sentence appeal waiver contained in his plea agreement.

During the sentencing hearing, the district court informed Mr. Gutierrez that he would be turned over for deportation proceedings. The court also explained that if Mr. Gutierrez was deported and ever returned to the United States, he could not violate any law while on supervised release. Mr. Gutierrez made a statement to the court during the hearing, but he did not say anything about deportation, nor did he ask any questions at that time. He did, however, respond affirmatively when asked whether his wife was a U.S. citizen.

On appeal, counsel for Mr. Gutierrez filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). We granted the motion and affirmed Mr. Gutierrez's conviction and sentence on January 11, 2010, because we found no arguable issues of merit. We denied Mr. Gutierrez's motion for a petition for rehearing *en banc* on March 8, 2010, and Mr. Gutierrez did not seek a writ of *certiorari* from the United States Supreme Court.

On August 31, 2010, Mr. Gutierrez then moved *pro se* to vacate his sentence in the district court. He challenged the voluntariness of his plea, arguing, among other things, that his attorney provided ineffective assistance of counsel for not advising him that his plea could result in his deportation. *See Padilla v.*

3

*Kentucky*, 559 U.S. 356 (2010).  The magistrate judge recommended denial of the motion to vacate.  The judge summarily found that Mr. Gutierrez could not show prejudice since he was "an illegal alien, who was subject to deportation even before his guilty plea."  D.E. 340 at 8.

The district court adopted the magistrate judge's report and recommendation and denied the motion to vacate.  The court did so, however, not because Mr. Gutierrez was an illegal alien, but rather because he was not prejudiced by any lack of advice by counsel since he was independently aware of his deportability.  *See* D.E. 350 at 6-7.  Even if he was not so aware, the district court found that Mr. Gutierrez still would have pled guilty had he known of his deportability in light of factors like the strength of the government's case. The court granted a certificate of appealability on the question of the retroactivity of *Padilla* because the Supreme Court had not yet decided the case, and we had not yet ruled on the issue.[1]

On appeal, Mr. Gutierrez claims for the first time that his attorney affirmatively told him that he would not face mandatory deportation.  He also

---

[1]    The district court believed that the lack of retroactivity would have made Mr. Gutierrez's *Padilla* claim "futile."  D.E. 350 at 16.  The Supreme Court has since ruled that *Padilla* is not retroactive.  *See Chaidez v. United States*, __ U.S. __, 133 S. Ct. 1103 (2013).  On appeal, Mr. Gutierrez argues that *Chaidez* does not affect his claim because *Padilla* was decided before his conviction became final on June 8, 2010, when his time to file a petition for a writ of *certiorari* expired.  *See* Appellant Br. at 6 (citing *Clay v. United States*, 537 U.S. 522, 532-34 (2003)). Because the government has not responded to this argument, for purposes of this case, we assume without deciding that Mr. Gutierrez is correct.

asserts for the first time that his deportation to Mexico will place him and his family in physical danger due to his cooperation with the government.

## II

The Sixth Amendment guarantees the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). To warrant relief on a claim that counsel was ineffective, a defendant must show that (1) counsel's performance was deficient and (2) the deficient performance was prejudicial. *Id.* at 687. The failure of counsel to inform a defendant whether a plea carries a risk of deportation amounts to constitutionally deficient performance. *See Padilla*, 599 U.S. at 374.

Where a claim of ineffective assistance involves a plea agreement, to show prejudice, the defendant must show "a reasonable possibility that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In so doing, a defendant must demonstrate that "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 371.

## III

A claim of ineffective assistance of counsel is a mixed question of law and fact, which means we review the findings of fact for clear error and the legal determinations *de novo*. *See Conklin v. Schofield*, 366 F.3d 1191, 1201 (11th Cir.

5

2004). The district court correctly denied Mr. Gutierrez's motion to vacate. The district court did not err in concluding that Mr. Gutierrez failed to show prejudice because (1) he was aware of the risk of deportation, and (2) even if he was not so aware, it would not have been rational for him to reject the plea bargain.

As the district court pointed out, Mr. Gutierrez has never made an allegation that he was unaware of the risk of deportation, including when the district court informed him of this possibility during his sentencing hearing. The district court further explained that Mr. Gutierrez finished high school and studied law in college for one year in Mexico; his life revolved largely around drug trading with other illegal immigrants from Mexico, notably in a leadership role; and he was in the country illegally. We cannot say it was clear error for the district court to infer that he knew of the risk of deportation under these circumstances.

Even if he was not aware of the risk of deportation, it would not have been rational for Mr. Gutierrez to reject the plea bargain. Mr. Gutierrez never obtained legal status, and thus continued to be subject to removal; there was overwhelming evidence against Mr. Gutierrez; all of his co-defendants pled guilty; Mr. Gutierrez had the prospect of receiving favorable sentencing adjustments as a result of his plea; and Mr. Gutierrez faced a potential of a maximum of forty years plus a five-

year mandatory minimum sentence if convicted at trial.[2]   Thus, the district court did not clearly err in making this finding either.

Mr. Gutierrez now argues on appeal that he has suffered prejudice because (1) he accepted the plea only after his attorney affirmatively represented that he would be entitled to a voluntary departure instead of a mandatory deportation, and (2) he would not have pled had he known the risk of deportation because he and his family would be in danger if he returned to Mexico.   Even though Mr. Gutierrez is a *pro se* litigant, he never raised these issues below, and thus, we do not review them here.   *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## IV

Because we find no reversible error, we affirm the denial of Mr. Gutierrez's motion to vacate.

**AFFIRMED.**

---

[2]   The record reflects that Mr. Gutierrez did actually receive favorable sentencing adjustments, and that the district court sentenced him to 168 months— the lowest end of the applicable guideline range.