DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**JERMAINE FACEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-618

[July 23, 2014]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. 10021303CF10A.

Luis Alberto Guerra, Fort Lauderdale, for appellant.

No appearance required for appellee.

PER CURIAM.

We affirm the order denying appellant's rule 3.850 motion for postconviction relief. We conclude that the record refutes appellant's allegations of ineffective assistance of counsel and that appellant's remedy from the harsh consequence of deportation lies, if anywhere, with immigration officials.

**Background**

On January 15, 2013, Facey, a citizen of Jamaica and lawful permanent resident of the United States, entered a negotiated plea to grand theft. According to the factual basis announced during the plea hearing, Facey used a clearance code to obtain a discount for his friends at a clothing store, causing the company to lose $459.37. Adjudication was withheld, and he was placed on probation for 18 months. Immigration officials subsequently initiated removal proceedings in August 2013 based on the conviction in this case.

In November 2013, Facey's retained counsel filed a motion for

postconviction relief, arguing that trial counsel was ineffective in "failing to tell [Facey] anything about the possible adverse immigration consequences" of the plea and failing to even advise Facey to consult with an immigration attorney. *See Padilla v. Kentucky*, 559 U.S. 356 (2010). The motion claimed that if counsel had advised Facey to consult with an immigration attorney he would not have pleaded.

The trial court denied the motion based on the State's response which explains that Facey signed a written plea form that advised him that this plea "will" result in his deportation. In the plea form, Facey acknowledged that he had read and understood the plea form which he signed and initialed.

The State further noted that during the plea colloquy the court confirmed that Facey had spoken about the immigration consequences with counsel and that Facey did not want to confer with an immigration attorney. The following transpired during the plea colloquy:

> COURT: Are you a United States Citizen?
>
> DEFENDANT: No, Judge.
>
> COURT: Do you understand by entering into this plea, with a withhold or an adjudication, that that could subject you to being deported?
>
> Where are you from?
>
> DEFENDANT: Jamaica.
>
> COURT: You could be asked by the United States Immigration to leave the country permanently as a result of this plea, or held by immigration, picked up by immigration and held by immigration; do you understand that?
>
> DEFENDANT: Yes, Judge.
>
> COURT: And you talked thoroughly about the consequences with Mr. Rubinchik [defense counsel]?
>
> DEFENDANT: Yes, yes.
>
> COURT: And do you want to talk to anyone else about the immigration consequences?

2

DEFENDANT:   No, Judge.

The judge later inquired of defense counsel:

> COURT: You did go over the immigration consequences, Mr. Rubinchik?
>
> COUNSEL:  I did.  And I explained because he's a non-citizen he'll not be eligible for PTI [a pretrial intervention program].
>
> COURT:  Right.
>
> COUNSEL: I tried to get the State this morning to acknowledge the nature of the case, if he would pay restitution in full, if they would dismiss the case so Mr. Facey wouldn't have to face those consequences.  That request was denied, as well.
>
> Mr. Facey has the immigration consequences, and I'll ask the Court to allow him to verify probation through pay stubs.  I don't want to jeopardize his job.

This appeal follows.

## Discussion

The record conclusively refutes Facey's allegation that counsel failed to "tell him anything" about the immigration consequences or that Facey was prejudiced by counsel failing to advise him to consult an immigration attorney.  To the contrary, the record shows that Facey entered the plea aware of the possibility of deportation and that counsel sought other avenues in an attempt to avoid the immigration consequences.

The Florida Supreme Court has held that, where the deportation consequences are "truly clear" and virtually automatic, as they were for Mr. Padilla, who pleaded to an aggravated felony, an "equivocal" "may" or "could" deportation warning as required by rule 3.172(c)(8) does not categorically bar a *Padilla* claim. *Hernandez v. State*, 124 So. 3d 757, 762-63 (Fla. 2012).  Mr. Hernandez, like Mr. Padilla, was convicted of an aggravated felony, which precludes discretionary relief from removal.  *Id.* at 762; 8 U.S.C. § 1101(a)(43)(B) (defining an "aggravated felony" which includes any "drug trafficking crime (as defined in section 924(c) of Title 18").  Here, Facey's grand theft conviction has not been shown to be an

aggravated felony, and automatic deportation has not been shown to be clear from the face of the immigration statute. *See Cano v. State*, 112 So. 3d 646, 648 (Fla. 4th DCA 2013) (setting forth what a defendant is required to prove in order to be entitled to relief under *Padilla* where the standard may or could warning has been delivered).

Third-degree grand theft does not appear to be an aggravated felony but may be a crime of moral turpitude which can result in removal if committed within five years of admission. *See* 8 U.S.C. § 1227(a)(2)(A)(i). The Notice to Appear for removal proceedings indicates that Facey was admitted to the United States on September 11, 2007. The offense was committed in November 2010. Unlike the defendants in *Hernandez* and *Padilla*, Facey was not convicted of an aggravated felony and may qualify for discretionary cancellation of removal. *See* 8 U.S.C. § 1229b.

*Padilla* does not require defense attorneys to provide perfect advice about immigration consequences. The Sixth Amendment does not guarantee perfect, error-free counsel even as to criminal charges which implicate liberty. *Coleman v. State*, 718 So. 2d 827, 829 (Fla. 4th DCA 1998) ("The standard is reasonably effective counsel, not perfect or error-free counsel"). *Padilla* by its express terms is limited to those situations where deportation is automatic and clear from the face of the statute. *Padilla*, 559 U.S. at 369 ("When the law is not succinct and straightforward . . . , a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences."). Facey has not shown that the grand theft conviction at issue subjects him to automatic deportation that is clear from the face of the statute.

Counsel's initial brief in this appeal argues a new, different claim. Counsel contends that the warning given by the court, advising that the plea "could subject" Facey to being deported, was insufficient. Florida Rule of Criminal Procedure 3.172(c)(8) requires that a court accepting a plea assure itself that defendant understands that the plea "may subject him or her to deportation[.]" It is improper for counsel to argue a different, unpreserved claim in this appeal, and the trial court's plea colloquy satisfies the rule.

## Conclusion

The trial court properly denied the postconviction motion at issue because the claim of ineffective assistance of counsel is conclusively refuted by the record. We decline to extend *Padilla* to create an impractical requirement that criminal defense attorneys provide clients with perfect

immigration advice.  Here, appellant entered his plea with eyes wide open and aware of the risk of deportation.  He now faces the very consequence that he fully acknowledged understanding when he accepted the plea.

We understand the concerns regarding the "harsh consequences of deportation." *Padilla*, 559 U.S. at 360-64.  However, by entering into the plea deal, the defendant avoided the possibility of a prison term.  Serving a prison sentence (for up to five years in this case), only to face removal upon release from incarceration, is a harsh consequence as well.  While we often see much more serious offenses that are far more deserving of deportation, Congress has eliminated the procedures permitting a judicial recommendation against deportation.  *Id.* at 361–62.  Facey's remedy from the harsh consequence of deportation in this case lies, if anywhere, with the discretion of immigration officials.

*Affirmed.*

WARNER, MAY and CIKLIN, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**