DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANGELA ROSARIO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4329

[January 7, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312010CF000316B.

Thomas A. Kennedy of Thomas A. Kennedy, P.A., Vero Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Laura Fisher, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the trial court's order dismissing appellant's second amended motion for postconviction relief in which she claimed that she was entitled to withdraw her plea to criminal charges because her counsel was ineffective or violated a Sixth Amendment duty under *Padilla v. Kentucky*, 559 U.S. 356 (2010). *Padilla* held "that counsel must inform [the] client whether [a] plea carries a risk of deportation." *Id.* at 374. Counsel did not violate this duty.

This court and others have held that, in a situation where a defendant seeks to withdraw a plea based on *Padilla*, and alleges lack of knowledge of the risk of deportation, prejudice cannot be established if the defendant was present in the country unlawfully or was otherwise subject to removal. *Ibarra v. State*, 125 So. 3d 820, 821 (Fla. 4th DCA 2013); *Ioselli v. State*, 122 So. 3d 388, 390 (Fla. 4th DCA 2013); *Joseph v. State*, 107 So. 3d 492 (Fla. 4th DCA 2013); *see also Garcia v. State*, 425 S.W.3d 248, 261 n.8 (Tenn. 2013) ("[C]ourts have consistently held that an illegal alien who pleads guilty cannot establish prejudice, even if defense counsel failed to

provide advice about the deportation consequences of the plea as *Padilla* requires, because a guilty plea does not increase the risk of deportation for such a person."); *United States v. Sinclair*, 409 F. App'x 674, 675 (4th Cir. 2011); *Gutierrez v. United States*, 560 F. App'x 924, 927 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 302 (2014); *State v. Guerrero*, 400 S.W.3d 576, 589 (Tex. Crim. App. 2013).

We have considered the original motion and first amended motion as well. We agree with the trial court that these motions were insufficient. At the time of the plea, appellant was aware that she was in the country unlawfully and that she was subject to removal. She was aware of the possibility of her deportation. The plea that she entered to misdemeanor petit theft was not to an aggravated felony which subjected her to automatic deportation that was "truly clear" from the face of the immigration statute. *See Hernandez v. State*, 124 So. 3d 757, 763 (Fla. 2012) (holding that where a deportation consequence is "truly clear" a warning that defendant "may" be deported does not cure the prejudice from counsel's deficiency in failing to provide more than equivocal advice about deportation).

Appellant admits that, from their first meeting, defense counsel told her that he did not practice immigration law and would not advise her about immigration consequences. He suggested that she retain an immigration lawyer. Beyond advising of the risk of deportation as required by *Padilla*, counsel had no affirmative duty to provide advice about other possible immigration ramifications of the plea, such as whether the plea might negatively impact her ability to obtain an adjustment in status, a waiver of inadmissibility, or cancellation of removal. *Padilla* did not create a duty for criminal defense counsel to provide all manner of advice about possible immigration consequences flowing from a plea. Counsel acted appropriately in advising the client to consult an immigration lawyer.

In fact, appellant was represented by an immigration lawyer as she was seeking an adjustment in status to become a legal resident, which she claims she would be entitled to because of her marriage to a U.S. citizen. Appellant alleged in her motions that she "assumed" that defense counsel was conferring with her immigration attorney as the case progressed and "reasonably believed" that a withhold of adjudication would not have an adverse effect on her attempt to obtain an adjustment in status. She alleged that counsel advised her that a withhold of adjudication "was not a conviction." In none of her motions did appellant allege that counsel gave her any misadvice as to the effect of the plea on her request for adjustment in status. *Cf. Ghanavati v. State*, 820 So. 2d 989, 991 (Fla. 4th DCA 2002) (finding that a claim that criminal defense counsel gave

2

affirmative misadvice about immigration may be a basis for withdrawing a plea), *cited with approval, Ey v. State,* 982 So. 2d 618, 622 (Fla. 2008). Her allegation that defense counsel had agreed to consult with the immigration lawyer before any plea, and her assumption that this had occurred, were insufficient to state a claim for relief under either *Padilla* or based on "affirmative misadvice." The trial court did not err in striking the original and first amended motions as legally insufficient.[1]

Appellant essentially seeks to expand the Sixth Amendment duty recognized by *Padilla* to include an affirmative duty for criminal defense counsel to advise an undocumented immigrant whether a plea will have a negative impact on the possibility of avoiding removal or being able to reenter. The possibility for an adjustment in status, a matter within the exclusive discretion of federal officials, is too speculative and not a proper basis to support prejudice for a *Padilla* claim. *See Rosas v. State,* 991 So. 2d 1003, 1003-04 (Fla. 4th DCA 2008). *Padilla* involved a defendant who was lawfully present in the country and not otherwise subject to removal. The deportation consequence he faced was clear and automatic from the face of the statute. That is not the situation here. We decline to extend *Padilla*'s holding.

Finally, the trial court did not abuse its discretion in declining to permit further opportunity to amend or in concluding that appellant failed to show excusable neglect for the untimely filing of the second amended motion. *See Parker v. State,* 907 So. 2d 694, 695 (Fla. 4th DCA 2005) (explaining that under rule 3.050, a party seeking an extension of time after the time limit has expired, must show good cause and excusable neglect).

*Affirmed.*

WARNER, GROSS and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Although the trial court dismissed the second amended motion as insufficient because it was not sworn, the second amended motion remained substantively insufficient to state a claim for relief.

3