NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NELY YAMILETH YANEZ,⁣ )
⁣ )
　　　　Appellant,⁣ )
⁣ )
v.⁣ )　　　Case No. 2D13-5017
⁣ )
STATE OF FLORIDA,⁣ )
⁣ )
　　　　Appellee.⁣ )
＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ )

Opinion filed April 17, 2015.

Appeal from the Circuit Court for
Hillsborough County; Michelle Sisco, Judge.

Michelle Borton and Paul Palacios, Tampa,
for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Patricia A. McCarthy,
Assistant Attorney General, Tampa, for
Appellee.

Rebecca Sharpless of Immigration Clinic,
University of Miami School of Law, Coral
Gables, for Amici Curiae, The American
Immigration Lawyers Association, Central
and South Florida Chapter, and The
National Immigration Project of The National
Lawyers Guild.

CASANUEVA, Judge.

Nely Yamileth Yanez appeals an order denying her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion alleged that her attorney failed to warn her that her guilty plea to public assistance fraud subjected her to deportation, and therefore, the attorney rendered ineffective assistance of counsel pursuant to Padilla v. Kentucky, 559 U.S. 356 (2010).[1] Relying on Cano v. State, 112 So. 3d 646 (Fla. 4th DCA 2013), the trial court summarily denied the motion based on the fact that Ms. Yanez was not lawfully in this country when she entered the plea. We agree with Cano and Rosario v. State, 40 Fla. L. Weekly D172 (Fla. 4th DCA Jan. 7, 2015), and conclude that because Ms. Yanez was in this country unlawfully, she cannot show that she was prejudiced by counsel's misadvice as she was already subject to deportation before she entered the plea.

As this court noted in Odegaard v. State, 137 So. 3d 505, 507 (Fla. 2d DCA 2014) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)), in order to establish a claim of ineffective assistance of counsel, "a defendant [must] demonstrate first that counsel's performance was deficient and second that the deficient performance prejudiced the defense." To meet the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Strickland, 466 U.S. at 694). In the context of a plea, a defendant meets the prejudice requirement only where she can demonstrate "a reasonable probability that, but for counsel's errors, [she] would not

_____

[1]Ms. Yanez received a withhold of adjudication and was sentenced to three years of probation.

- 2 -

have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). A defendant must establish "that a decision to reject the plea bargain would have been rational under the circumstances." Hernandez v. State, 124 So. 3d 757, 762 (Fla. 2012) (quoting Padilla, 559 U.S. at 372).

In Padilla, 559 U.S. at 374, the Court held that defense counsel must inform her client if a plea involves a risk of deportation. In that case, the Court held that the appellant did not receive "constitutionally competent counsel" because counsel failed to advise the appellant that his drug distribution conviction made him subject to automatic deportation. Id. at 360. Ms. Yanez alleged in her motion that her guilty plea made her "subject to deportation." She alleged that her offense is a deportable offense under 8 U.S.C. § 1227(a)(2)(A)(i) as an alien who has committed a crime involving moral turpitude for which a sentence of more than one year may be imposed. See generally Facey v. State, 143 So. 3d 1003, 1005 (Fla. 4th DCA 2014) ("Third-degree grand theft does not appear to be an aggravated felony but may be a crime of moral turpitude which can result in removal if committed *within five years of admission*. See 8 U.S.C. § 1227(a)(2)(A)(i)." (emphasis added)).

We conclude that even if Ms. Yanez could establish the first prong of Strickland due to counsel's misadvice, she cannot establish the second prong, because she cannot show that a decision to reject the plea bargain would have been rational under the circumstances where she was already subject to deportation. When she entered the plea, Ms. Yanez knew that she was in this country unlawfully and that there was a possibility that she would be deported. As the Fourth District noted in Rosario, 40 Fla. L. Weekly at D172, "in a situation where a defendant seeks to withdraw a plea

- 3 -

based on Padilla, and alleges lack of knowledge of the risk of deportation, prejudice cannot be established if the defendant was present in the country unlawfully or was otherwise subject to removal." See Ibarra v. State, 125 So. 3d 820, 821 (Fla. 4th DCA 2013) ("As an illegal alien, appellant had no legitimate expectation that he would be allowed to remain in this country when he committed the offenses and entered the plea at issue.").

> In Cano, 112 So. 3d at 648, the court similarly held as follows:
>
> Where a movant has received the standard "may" or "could" deportation warning required by rule 3.172(c)(8), to state a claim for relief under Padilla, a movant must establish the following: *(1) that the movant was present in the country lawfully at the time of the plea; (2) that the plea at issue is the sole basis for the movant's deportation;* (3) that the law, as it existed at the time of the plea, subjected the movant to "virtually automatic" deportation; (4) that the "presumptively mandatory" consequence of deportation is clear from the face of the immigration statute; (5) that counsel failed to accurately advise the movant about the deportation consequences of the plea; and (6) that, if the movant had been accurately advised, he or she would not have entered the plea.

(Emphasis added.)

Ms. Yanez admitted in her motion that she was also charged with being removable under 8 U.S.C. §1182(a)(6)(A)(i) and §1182(a)(7)(A)(i)(I).  She argued, however, that neither of these provisions prohibit her from asserting relief from deportation under 8 U.S.C. § 1229b(b)(1)(C), which provides that the attorney general may cancel the removal of an alien in certain situations but not if the alien has been convicted of an offense under section 1227(a)(2).

The possibility that Ms. Yanez could have obtained an adjustment in status was "a matter within the exclusive discretion of federal officials, [and was] too

- 4 -

speculative and not a proper basis to support prejudice for a <u>Padilla</u> claim." <u>See</u> <u>Rosario</u>, 40 Fla. L. Weekly at D173. As the <u>Rosario</u> court noted, <u>Padilla</u> did not expand counsel's duty to affirmatively "advise an undocumented immigrant whether a plea will have a negative impact on the possibility of avoiding removal or being able to reenter." <u>Id.</u> Even though the Court did not address the prejudice prong in <u>Padilla</u>, it noted that the appellant had been a lawful permanent resident of the United States for over forty years and had served the country with honor in the United States Armed Forces during the Vietnam War. 559 U.S. at 359-60. Before entering his plea, Mr. Padilla's status as a lawful permanent resident of this country provided him certain rights, including the right to remain in this country. Ms. Yanez did not enjoy the same right to remain in this country before she entered her plea.

Accordingly, we conclude that because Ms. Yanez was in this country unlawfully and was subject to removal on that basis alone, she cannot establish that she was prejudiced by her counsel's failure to advise her that she was subject to deportation.

Affirmed.


WALLACE and KHOUZAM, JJ., Concur.