NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Petitioner*,

*v.*

HECTOR SEBASTION NUNEZ-DIAZ, *Respondent*.

No. 1 CA-CR 16-0793 PRPC
FILED 9-18-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2013-430489-001
The Honorable Phemonia L. Miller, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Karen B. Kemper
*Counsel for Petitioner*

Law Office of Ray A. Ybarra Maldonado, PLC, Phoenix
By Ray A. Ybarra Maldonado
*Counsel for Respondent*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Judge Kent E. Cattani joined. Presiding Judge James B. Morse Jr. dissented.

**W I N T H R O P**, Judge:

¶1        The State of Arizona petitions this court for review of the superior court's order granting the petition for post-conviction relief filed by Hector Sebastion Nunez-Diaz.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        Nunez-Diaz was charged with possession or use of a dangerous drug (methamphetamine) and possession or use of a narcotic drug (cocaine), each a class 4 felony.  The record does not reflect that Nunez-Diaz had a prior criminal history.  He pled guilty to possession of drug paraphernalia, a class 6 undesignated felony, and pursuant to the plea agreement, the court suspended sentencing and placed him on eighteen months' unsupervised probation.  Shortly afterward, Immigration and Customs Enforcement officials took him into custody, subject to being deported, and he agreed to a "voluntary departure" in lieu thereof, while represented by a different attorney for his immigration proceedings.

¶3        Nunez-Diaz filed a petition for post-conviction relief, claiming his plea counsel was ineffective for failing to secure a plea or disposition of his charges that would have protected his ability to remain in the United States, and not advising him that his plea would result in his being subject to mandatory deportation.  The superior court ordered an evidentiary hearing.

¶4        Nunez-Diaz appeared via Skype and telephone at the evidentiary hearing, and the superior court took testimony from him, his sister, and his plea counsel.  Nunez-Diaz testified that his plea counsel told him there would be no problems with the plea and with his immigration status if he entered the plea.  He testified that he would not have signed the plea agreement had he been advised of the specific immigration consequences of the plea and that he was subject to mandatory deportation.  His sister testified to meeting with an immigration lawyer from the same firm to which plea counsel belonged, and she was told the firm would help Nunez-Diaz with his immigration issues after his plea.  Based on this meeting, they hired the firm to represent Nunez-Diaz.  Representation was then assigned to a different attorney in the firm.

¶5        Plea counsel testified she had explained to Nunez-Diaz that there would be "immigration consequences" to the plea, based on the type of plea.  She admitted she had advised Nunez-Diaz the plea "could have consequences for immigration," but conceded she did not tell him the plea would "certainly" have immigration consequences.  In other words,

counsel did not tell Nunez-Diaz that he was subject to being held without bond and subject to mandatory deportation.

**¶6** The superior court granted relief, and ordered the plea set aside after concluding plea counsel's performance fell below an objective standard and that Nunez-Diaz was prejudiced by the ineffective assistance of his counsel. The State's motion for a rehearing was denied.

**¶7** The State filed a petition for review, arguing the superior court erred in finding a colorable claim and that Nunez-Diaz did not meet his burden to show entitlement to relief under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), *superseded by statute on other grounds*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). We review the grant or denial of post-conviction relief for an abuse of discretion. *State v. Jenkins*, 193 Ariz. 115, 118, ¶ 5 (App. 1998). Based on the evidence presented at the hearing, we find no such abuse.

**¶8** To show ineffective assistance of counsel, a party seeking relief must show both deficient performance by counsel and prejudice. *Strickland*, 466 U.S. at 687. We must "consider whether the defendant was prejudiced by the 'denial of the entire judicial proceeding . . . to which he had a right.'" *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000)). "[T]he defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (citation and internal quotations omitted). The requirements for counsel include advising a client subject to immigration consequences of "the risk of deportation." *Padilla v. Kentucky*, 559 U.S. 356, 367 (2010), *abrogated in part on other grounds by Chaidez v. United States*, 568 U.S. 342, 347 (2013).

**¶9** Arizona Rule of Criminal Procedure 32.8(c) states in relevant part: "The defendant has the burden of proving factual allegations by a preponderance of the evidence." The superior court credited Nunez-Diaz' testimony, as well as that of his sister. The court thus found that "defense counsel misrepresented the immigration consequences to defendant."

**¶10** "It is for the trial court to resolve conflicting testimony and to weigh the credibility of witnesses." *State v. Alvarado*, 158 Ariz. 89, 92 (App. 1988) (citation omitted). By making this credibility finding, the superior court found that Nunez-Diaz had established he suffered from both deficient performance and prejudice when he entered a plea not understanding the immigration consequences of pleading guilty.

¶11 The burden of proof then shifted to the State to prove "beyond a reasonable doubt that the [constitutional] violation was harmless." Ariz. R. Crim. P. 32.8(c). This it failed to do. Although there was testimony that Nunez-Diaz was generally advised there would be "immigration consequences," as noted above, he testified that he would not have signed the plea agreement had he been advised of the *specific* immigration consequences of the plea.

¶12 The superior court did not abuse its discretion in finding that counsel was deficient and that, given the goals of Nunez-Diaz and the possible penalties and consequences had he gone to trial, Nunez-Diaz was prejudiced by the faulty advice.[1] The State failed to show beyond a reasonable doubt that relief should have been denied.

¶13 Accordingly, we grant review but deny relief.

**MORSE**, J., dissenting:

¶14 I respectfully dissent. The record below indicates that (i) Nunez-Diaz did not have legal immigration status in the United States, (ii) Immigration and Customs Enforcement officials had placed a detention hold for removal proceedings against him prior to his guilty plea, and (iii) Nunez-Diaz agreed to voluntary departure and did not contest removal after his conviction. Based on this record, Nunez-Diaz was a deportable alien prior to his conviction, *see* 8 U.S.C. § 1227(a)(1)(B), and his only potential claim of prejudice arises from the possibility of discretionary relief from removal under 8 U.S.C. § 1229b.[2] Under these circumstances, the superior court erred in finding that Nunez-Diaz established prejudice. *See*

---

[1] Although we agree with our dissenting colleague that Nunez-Diaz was a deportable alien prior to his conviction, *see* U.S.C. § 1227(a)(1)(B), the record below does not establish that he necessarily would have been deported had he gone to trial and been acquitted of the charges.

[2] Notably, the petitioner in *Padilla* cited 8 U.S.C. § 1227(a)(1) and affirmatively argued that "only lawfully admitted immigrants can plausibly allege prejudice from conviction of a deportable offense. Illegal aliens generally cannot, absent a colorable pending or future claim to legal immigration status, because illegal presence is grounds for removal independent of the conviction." Reply Brief of Petitioner, 2009 WL 2917817 at *17-18, in *Padilla v. Kentucky*, 559 U.S. 356 (2010).

*United States v. Batamula*, 823 F.3d 237, 243 (5th Cir. 2016) (en banc) ("Because Batamula was already deportable under § 1227(a)(1)(C)(i) *before* he pleaded guilty under the two-count information, it would not have been rational for him to proceed to trial in the hopes of avoiding deportability under another subsection of § 1227."); *see also United States v. Donjuan*, 720 F.App'x 486, 490 (10th Cir. 2018) (unpublished) ("The consequence of Defendant's guilty plea was not removal, as was the situation in *Padilla*. Instead, the guilty plea made Defendant ineligible to receive the discretionary relief of cancellation of removal, which is fundamentally different than a lawful resident alien being subject to removal due to a guilty plea."); *United States v. Sinclair*, 409 F.App'x 674, 675 (4th Cir. 2011) (unpublished) (noting that despite the lack of proper immigration warnings, the defendant's "substantial rights were unaffected because he was an illegal alien and therefore his guilty plea had no bearing on his deportability"); *Garcia v. Tennessee*, 425 S.W.3d 248, 261 n.8 (Tenn. 2013) (noting that "courts have consistently held that an illegal alien who pleads guilty cannot establish prejudice" under *Padilla* and collecting cases); *Texas v. Guerrero*, 400 S.W.3d 576, 588-89 (Tex. Crim. App. 2013) ("Unlike Jose Padilla, appellee was an undocumented immigrant and was deportable for that reason alone, both in 1998 and today. Had appellee gone to trial with counsel and been acquitted he would not have been transformed into a legal resident. . . . The prospect of removal therefore could not reasonably have affected his decision to waive counsel and plead guilty."); *United States v. Aceves*, 2011 WL 976706, at *5 (D. Haw. Mar. 17, 2011) ("Had he gone to trial instead of pleading guilty, he would not have been transformed into a legal resident. This is so even if he had been acquitted. In other words, it was not his conviction that made him removable."); *but see United States v. Arce-Flores*, 2017 WL 4586326 (W.D. Wash. Oct. 16, 2017) (rejecting argument that, as a matter of law, illegal aliens cannot demonstrate prejudice under *Padilla*).

