988 So.2d 38 (2008)
John FORREST, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-4831.
District Court of Appeal of Florida, Fourth District.
July 9, 2008.
*39 Peter Raben of Peter Raben, P.A., Miami, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
John Forrest appeals the summary denial of his timely filed Florida Rule of Criminal Procedure 3.850 motion. See State v. Green, 944 So.2d 208, 219 (Fla.2006) (providing a two-year window for raising claims of this type). Forrest's sworn motion alleged that his 1991 plea in this case was involuntary because the trial court failed to advise him that his plea may subject him to deportation. Fla. R.Crim. P. 3.172(c)(8). The motion attached affidavits indicating that attempts to secure the transcript of the 1991 plea hearing were unsuccessful.
The state argues for the first time in this appeal that the trial court properly denied the motion because Forrest cannot conclusively establish that he was not properly advised because he admits that a transcript of the 1991 plea hearing is unavailable. In Green, the Florida Supreme Court observed:
[T]he defendant must state in the rule 3.850 motion how he or she will prove that the immigration warning was not given. In the normal case, this will require the defendant to allege that a hearing transcript will demonstrate a violation of rule 3.172(c)(8). Absent conclusive evidence of a violation, the trial court has discretion to deny relief.
944 So.2d at 218. The trial court did not exercise the above-described discretion under Green, so affirmance is not proper on this basis.
The trial court denied the motion finding that it was insufficient as it failed to allege that the plea in this case was the sole basis upon which Forrest was subject to deportation. Alternatively, however, the court concluded Forrest could be deported based on two other convictions. See State v. Oakley, 715 So.2d 956 (Fla. 4th DCA 1998) (finding that movant failed to establish prejudice where the record showed he could be deported based on other convictions). Unlike the situation in Oakley, however, the record does not establish that Forrest has prior convictions constituting an independent basis for deportation. Thus, denial was not proper on this basis.
*40 We agree with the trial court that to state a sufficient claim the movant must allege that he is subject to deportation based solely on the plea under attack. See State v. Seraphin, 818 So.2d 485, 488-89 (Fla.2002) (explaining that to establish prejudice in this type of claim the motion must show that the movant would not have entered the plea if properly advised). The burden is on the movant to establish that the plea in the case under attack is the only basis for deportation. Only then can the movant show prejudice resulting from the failure to advise of deportation consequences in the case under attack.
Because the trial court found that the motion was insufficient based on a pleading deficiency, the proper procedure, under the Florida Supreme Court's recent decision in Spera v. State, 971 So.2d 754 (Fla.2007), is for the court to strike the motion providing Forrest an opportunity to amend to make the required allegations.[1] Accordingly, we reverse and remand for the trial court to provide Forrest at least one opportunity to amend his motion to allege that the plea in this case is the sole reason he can be deported.
If the amended motion sufficiently alleges that (1) the movant was not advised of deportation consequences and (2) that this plea alone subjects the movant to deportation, then an evidentiary hearing might be required to address the allegation that Forrest would not have entered the plea in this case if properly advised. At such a hearing, factual disputes surrounding whether the movant was properly advised and evidence regarding whether the plea in this case alone subjects the movant to deportation may also be heard. The motion may be summarily denied if the state can conclusively demonstrate by record attachments, and reference to the applicable federal law, that Forrest has other convictions that subject him to deportation.
STONE, POLEN and DAMOORGIAN, JJ., concur.
NOTES
[1] Spera was decided after the trial court decided this motion, but because this case was in the "appellate pipeline," Spera applies. See Pierre v. State, 973 So.2d 547, 547 (Fla. 5th DCA 2008).