988 So.2d 1201 (2008)
Alberto DUMENIGO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-3079.
District Court of Appeal of Florida, Third District.
August 13, 2008.
Eduardo Soto, Coral Gables, and Marisabel Cabrera and Karla Lammers, for appellant.
Bill McCollum, Attorney General, and Rolando A. Soler, Assistant Attorney General, for Appellee.
Before WELLS, ROTHENBERG, and SALTER, JJ.
WELLS, Judge.
Alberto Dumenigo appeals from an order denying his Rule 3.850 motion to vacate a 1997 plea claiming the plea to have been involuntary for failure to warn of immigration consequences. We affirm.
Specifically, the motion to vacate plea, which was not attested to by Dumenigo, mentions no convictions other than the 1997 conviction at issue, and states only that the 1997 conviction "cause[s] Defendant prejudice, notwithstanding any other *1202 convictions." Dumenigo's sworn declaration in support of the motion similarly makes no mention whatsoever of any other convictions. The state's response states that, pursuant to section 237(a)(2)(c) of the Immigration and Nationality Act of 1952 ("INA"), Dumenigo is subject to deportation for a 1988 conviction, independent of his 1997 convictions. Dumenigo did not move for rehearing and never asserted to the trial court that he may not be subject to deportation for the 1988 conviction.
Accordingly, the trial court was entirely correct in its conclusion that "[Dumenigo] can not raise a claim that he was prejudiced by not being advised of deportation consequences on the criminal charge in 1997 since even if deportation consequence was established, he would have been subject to deportation on his other criminal charges." See Prieto v. State, 824 So.2d 924 (Fla. 3d DCA 2002)(holding that a defendant may not avail himself post-conviction relief for failure of the trial court to advise him/her of potential deportation consequences, if the defendant is otherwise subject to deportation pursuant to another criminal conviction).
In essence, Dumenigo argues that Prieto has no application post State v. Green, 944 So.2d 208, 210 (Fla.2006). We disagree. See Ojurongbe v. State, 973 So.2d 621, 623 (Fla. 3d DCA 2008) (recognizing Prieto's continued application); see also Forrest v. State, 988 So.2d 38, 40 (Fla. 4th DCA 2008) (observing that the burden was on the movant to establish that the plea in the case under attack was the only basis for deportation.); Rodriques v. State, 980 So.2d 1203, 1204 (Fla. 4th DCA 2008) (concluding "the motion fails to meet the specific pleading requirements of State v. Green, 944 So.2d 208 (Fla.2006), insomuch as it fails to make any allegation as to how the appellant could prove the warnings were not given and fails to make any allegation that the appellant is deportable solely due to the conviction challenged herein. Absent such specific allegations in the sworn motion, the pleading is legally insufficient and should have been dismissed without prejudice").
Accordingly, we affirm the order under review without prejudice to filing an amended motion addressing the 1988 conviction and Prieto's application to it.