995 So.2d 621 (2008)
The STATE of Florida, Appellant,
v.
Lawrence SINCLAIR, a/k/a Carlos Echevarria, Appellee.
No. 3D07-1169.
District Court of Appeal of Florida, Third District.
December 10, 2008.
*622 Bill McCollum, Attorney General, and Timothy R.M. Thomas and Angel Fleming, Assistant Attorneys General, for appellant.
Julio Padilla, Miami, for appellee.
Before SHEPHERD, ROTHENBERG and LAGOA, JJ.
LAGOA, J.
The State of Florida appeals from the trial court's summary grant of defendant's post-conviction motion to vacate his plea. Because we conclude that the defendant, Lawrence Sinclair a/k/a Carlos Echevarria ("defendant"), was not subject to deportation based solely on the plea at issue, we reverse.[1]
On or about December 30, 1992, defendant was admitted into the United States from Nicaragua on a student visa. In April of 1995, defendant was charged with burglary with assault and sexual battery, and on June 27, 1996, defendant entered a plea of guilty to both counts in exchange for fifteen months in prison.
On or about January 2, 2007, defendant filed a motion to vacate his sentence and judgment pursuant to State v. Green, 944 So.2d 208 (Fla.2006). Defendant asserted that he was not properly advised of the immigration consequences of his plea, and that he would not have accepted the plea if he had been aware that he could be subject to deportation.
In its response to the defendant's motion, the State attached a 2007 INS Charging document titled "Additional Charges of Inadmissibility/Deportability," which listed defendant's overstay of his student visa as an additional charge for deportation. The trial court summarily granted defendant's motion. In granting defendant's motion, the trial court found that "[t]he fact that additional charges of inadmissibility or deportability may exist does not defeat the defendant's claim of prejudice so long as the plea in this case is a ground subjecting the defendant to deportation."[2]
*623 On appeal, the State contends that the defendant must allege that he is subject to deportation based solely on the plea at issue. The State further asserts the defendant failed to establish the prejudice required under Green because he was subject to deportation on additional grounds other than his plea, i.e., overstaying his student visa. We agree.
In order to establish prejudice as a result of the failure to advise a defendant of the deportation consequences of a plea, "[t]he burden is on the movant to establish that the plea in the case under attack is the only basis for deportation. Only then can the movant show prejudice resulting from the failure to advise of deportation consequences in the case under attack." Forrest v. State, 988 So.2d 38, 40 (Fla. 4th DCA 2008) (emphasis in original); see also Dumenigo v. State, 988 So.2d 1201 (Fla. 3d DCA 2008). The trial court, therefore, erred in finding that an additional ground for deportation does not defeat the defendant's claim of prejudice.
Because defendant's motion did not allege that his plea is the sole basis for deportation, we reverse and remand for the trial court to reinstate defendant's judgment and sentence. This opinion does not preclude defendant from filing, within sixty days after jurisdiction returns to the trial court, a new motion alleging, if true, that his plea in the case is the sole basis for deportation.
Reversed and remanded.
NOTES
[1] At the time of his arrest and plea, defendant used the alias Carlos Echevarria. Upon filing his motion to vacate plea, defendant submitted an affidavit stating that his true identity is Lawrence Sinclair, and that this was the name under which he was admitted into the United States. Defendant's Immigration Charging Document, Form I-862, however, lists defendant's name as "Laurence Jasson Sinclair McCoy."
[2] Additionally, the trial court found that "the defendant established that at the time of the plea, he was never advised by the trial judge or by his attorney that if he was not a United States citizen, his plea may subject him to deportation." We conclude that the trial court erred in summarily making this finding since no hearing transcript exists that conclusively supports defendant's contention. Pursuant to Green, a "defendant must state in the rule 3.850 motion how he or she will prove that the immigration warning was not given. In the normal case, this will require the defendant to allege that a hearing transcript will demonstrate a violation of rule 3.172(c)(8). Absent conclusive evidence of a violation, the trial court has discretion to deny the relief." 944 So.2d at 218.