PER CURIAM.
This is an appeal of an order denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Defendant-appellant Muñoz filed his motion during the window period of State v. Green, 944 So.2d 208 (Fla.2006). He seeks to set aside his plea in Miami-Dade County circuit court case numbers 91-45469 and 92-15044, based on an alleged failure to advise him of the immigration consequences of his plea.
In his motion, the defendant stated that he is currently serving federal sentences for violating federal drug and gun laws and is subject to deportation. Mot. at 2-3. The trial court denied relief because, based on that concession, the defendant was already subject to deportation and suffered no prejudice on account of an alleged lack of warning regarding the immigration consequences of the 1991 and 1992 state court pleas. See State v. Sinclair, 995 So.2d 621, 623 (Fla. 3d DCA 2008).
By motion for rehearing, the defendant made the contradictory claim that he is not subject to deportation based on his federal offenses. He claims that the trial court erred in denying the motion because of a lack of evidence in the record supporting the proposition that his federal sentences render him deportable. The defendant overlooks the fact that his own Rule 3.850 original motion states that he is subject to deportation because of his current federal sentences. We therefore affirm the order now before us.
If the defendant has a good-faith basis for asserting that his present federal sentences do not render him subject to deportation, then the defendant may file an amended motion within sixty (60) days of this court’s mandate in this appeal. See Sinclair, 995 So.2d at 623.
Affirmed.