*419
 
 NORTHCUTT, Chief Judge.
 

 Bojan Nastasic pleaded nolo contendere in January 2003 to the crimes of sale and possession of a controlled substance. In November 2007, he filed an amended motion pursuant to Florida Rule of Criminal Procedure 3.850 seeking to vacate his plea based on the court’s failure to advise him of its deportation consequences.
 
 See
 
 Fla. R.Crim. P. 3.172(c)(8). The postconviction court summarily denied his motion, ruling that Nastasic had not shown prejudice because he was subject to deportation for other convictions as well as the ones in this case. We affirm the postconviction court’s order however, as we shall explain, our affirmance is without prejudice to allow Mr. Nastasic to file an amended motion.
 

 Nastasic’s motion alleged that he was not advised of the deportation consequences of his plea at the plea hearing, that he first became aware of the consequences when he received a deportation notice from the Immigration and Naturalization Service on July 10, 2007, and that he would not have entered the plea if he had known of these consequences. Thus his motion was timely.
 
 See State v. Green,
 
 944 So.2d 208 (Fla.2006). Nastasic attached a copy of the INS notice to his motion. The notice asserted that he was subject to removal from the United States for the convictions in this case and several other unconnected convictions.
 

 In denying the motion, the postconviction court cited
 
 Prieto v. State,
 
 824 So.2d 924, 925 (Fla. 3d DCA 2002), for the proposition that Nastasic could not demonstrate the required prejudice because the documents attached to his motion established that he was deportable based on convictions other than the ones in this case. But in a recent case,
 
 Dumenigo v. State,
 
 988 So.2d 1201 (Fla. 3d DCA 2008), the court allowed a defendant in similar circumstances to amend his motion. Dumenigo had been convicted of felonies in 1988 and 1997. He sought to withdraw his plea for the 1997 offense based on rule 3.172(c)(8). The Third District noted that Dumenigo’s motion was insufficient because it failed to allege that he was deportable based solely on the 1997 conviction. It affirmed without prejudice to Dumenigo’s right to file an amended motion addressing the 1988 conviction.
 
 Id.
 
 at 1202.
 

 As did the court in
 
 Dumenigo,
 
 we affirm the summary denial challenged in this appeal. We note that Nastasic has attached documents to his brief filed in this case
 
 *420
 
 indicating that he is attempting to withdraw his plea agreements in other cases. He has also attached an affidavit from an attorney averring that he entered this country as a refugee and, because of his refugee status, only the convictions in this case would support deportation. Nastasic should have attached these documents to his motion, or he should have presented them to the postconviction court in a motion for rehearing. He did neither. Our affirmance is without prejudice for him to file an amended motion, addressing his other convictions. He may include any documents filed with this court in an amended motion.
 

 Affirmed.
 

 SILBERMAN and KELLY, JJ., Concur.