COPE, J.
This is an appeal by the State of orders vacating two pleas entered by Carlos Gutierrez because the trial court did not advise the defendant of the possibility of deportation. We affirm.
Defendant-appellee Gutierrez entered a guilty plea in 1990 on Miami-Dade County Circuit Court case number 90-1287C. In 1993, he entered a guilty plea in Miami-Dade County Circuit Court case number 93-3137. At the time of both pleas, Florida Rule of Criminal Procedure 3.172(c)(8) required a deportation warning.
The defendant’s postconviction motions maintained that he was not given the required warning in either case. The defendant alleged that he was now subject to deportation by reason of the pleas in the two cases. In August 2008, he filed a postconviction motion in each of the two cases, requesting relief under State v. Green, 944 So.2d 208 (Fla.2006).
The trial court conducted a single evi-dentiary hearing in both cases. At the conclusion of the hearing the trial court found that the defendant was credible, that the two convictions are the sole basis for deportation, and that he would not have entered into the pleas if he had been warned of the deportation consequences. The court went on to say:
[Bjased on my own experience being an attorney here in this jurisdiction in 1994 it was not the practice of all judges to make those warnings, and many transcripts that I’ve reviewed from that period of time bear out that not all judges were making that warning during that period of time. So I believe he’s sufficiently — I believe he’s credible and I believe that it makes sense to me that he would not have been warned ... at the plea at that time.
And based on all of that I’m going to grant the motion to vacate both pleas at this time.
Having vacated both pleas, the court set both cases for trial. The State has appealed.
The State’s appeal proceeds on a misapprehension of the case law. The State maintains that under the decided cases, a defendant can obtain postconviction relief on account of a failure to warn of deportation consequences if there has been a failure to warn in one case but not if there has been such a failure to warn in two cases. The State’s argument is incorrect.
The State relies on this court’s decisions in State v. Sinclair, 995 So.2d 621 (Fla. 3d DCA 2008); Dumenigo v. State, 988 So.2d 1201 (Fla. 3d DCA 2008); and Prieto v. State, 824 So.2d 924 (Fla. 3d DCA 2002). In each of those cases, the defendant had two prior convictions. The defendant was seeking to vacate one of the convictions because of a failure to warn of deportation consequences, but the postconviction motion gave no indication that the defendant was seeking to vacate the second conviction. That being so, the defendant could *948 not satisfy the requirement to show prejudice from the failure to warn of deportation consequences in the first case, because the defendant would remain subject to deportation on account of the second case.
The situation before us is entirely different. In this case, the defendant simultaneously filed postconviction motions in each of the two prior cases, seeking to vacate both pleas on account of a failure to warn of the deportation consequences. These were properly consolidated for purposes of an evidentiary hearing. See Macias v. State, 29 So.Bd 1182 (Fla. 3d DCA 2010) *. Because the trial court found that there was a failure to warn of deportation consequences in both cases, prejudice was demonstrated, and the trial court’s ruling is correct.
Affirmed.

 The Second District has explained that where the defendant is attempting to obtain the vacating of pleas in more than one case on account of a failure to warn of deportation consequences, the motion in each case should reveal the existence of the motion in the other case. Nastasic v. State, 11 So.3d 418, 420 (Fla. 2d DCA 2009).