PER CURIAM.
We affirm without prejudice the trial court’s summary denial of appellant’s motion for postconviction relief.
In a timely postconviction motion, appellant sought to withdraw his June 18, 2010 negotiated plea to attempted robbery and assault on a person 65 years of age or older. Appellant claimed that, under Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), he was entitled to withdraw his plea because his attorney failed to advise him about potential immigration consequences. He alleged that he has a final order of deportation that is “based in large part on these convictions.” He has not provided a copy of the alleged deportation order.
The trial court denied the motion because appellant was advised during the plea colloquy and in the plea form that his plea “could” result in his deportation. The Florida Supreme Court has held that an “equivocal” warning such as this is not on its own sufficient to refute a claim that counsel was ineffective in failing to advise a defendant about “truly clear” deportation consequences. Hernandez v. State, — So.3d -, -, 2012 WL 5869660, 37 Fla. L. Weekly S730,. S731-32 (Fla. Nov. 21, 2012). The standard “could” or “may” warning of rule 3.172(c)(8), however, can refute a claim where the deportation consequences are not “truly clear” from the face of the immigration statute. See id.
Appellant filed his motion, and the court denied it, before the Florida Supreme Court’s decision in Hernandez. The trial court denied the motion based on *648 this court’s holding in Flores v. State, UJ So.3d 218 (Fla. 4th DCA 2010), which held that the “may” warning of rule 3.172(c)(8) cured the prejudice in all circumstances. The Florida Supreme Court has now abrogated that aspect of Flores. Hernandez, — So.3d at -, 37 Fla. L. Weekly at S732. We conclude that, under the circumstances, appellant should be afforded an opportunity to refile his claim if he can do so in good faith.
Padilla, and the cases applying it in Florida, require a movant to show a number of things in order to be entitled to relief. Appellant’s motion was insufficient for a number of reasons. Because the standard warning will have been given in most cases, we write to clarify what a movant must establish to be entitled to relief in this situation and what appellant must establish should he choose to refile.
Where a movant has received the standard “may” or “could” deportation warning required by rule 3.172(c)(8), to state a claim for relief under Padilla, a movant must establish the following: (1) that the movant was present in the country lawfully at the time of the plea; (2) that the plea at issue is the sole basis for the movant’s deportation; (3) that the law, as it existed at the time of the plea, subjected the movant to “virtually automatic” deportation; (4) that the “presumptively mandatory” consequence of deportation is clear from the face of the immigration statute; (5) that counsel failed to accurately advise the movant about the deportation consequences of the plea; and (6) that, if the movant had been accurately advised, he or she would not have entered the plea. See Ioselli v. State, 4D12-1449, 2013 WL 611781 (Fla. 4th DCA Feb.20, 2013) (citing Forrest v. State, 988 So.2d 38 (Fla. 4th DCA 2008)); Joseph v. State, 107 So.3d 492 (Fla. 4th DCA 2013); Hernandez, — So.3d at -, 37 Fla. L. Weekly at S731-32; Padilla, 130 S.Ct. at 1483.
We affirm the summary denial of appellant’s motion without prejudice for him to file a legally sufficient motion, if he can do so in good faith, within sixty (60) days of our mandate in this case.

Affirmed without prejudice to file a sufficient claim within sixty (60) days.

STEVENSON, TAYLOR and CONNER, JJ., concur.