PER CURIAM.
The defendant appeals the summary denial of his postconviction motion. See Fla. R. Crim. P. 3.850. We affirm the denial without prejudice to his right to file a facially sufficient motion within sixty days of the issuance of the mandate in this case.
The defendant entered a negotiated guilty plea to one count of DUI Manslaughter on April 30, 2008. He was sentenced to one year in jail, followed by 15 years’ probation. The charges arose from allegations that the defendant was racing another motorist, whose car crashed. The passenger in the other vehicle died.
The defendant alleged that his counsel failed to advise him of the deportation consequences of entering the plea, and that the trial court indicated only that the defendant could be subject to deportation, not that he would be subject to deportation. Hernandez v. State, 124 So.3d 757, 761, 2012 WL 5869660, *3 (Fla. Nov. 21, 2012).
Because the defendant raises color-able claims, our denial is without prejudice to his right to file a facially sufficient motion consistent with Cano v. State, 112 So.3d 646, 648 (Fla. 4th DCA 2013):
Where a movant has received the standard “may” or “could” deportation warning required by rule 3.172(c)(8), to state a claim for relief under Padilla, a movant must establish the following: (1) that the movant was present in the country lawfully at the time of the plea; (2) that the plea at issue is the sole basis for the movant’s deportation; (3) that the law, as it existed at the time of the plea, subjected the movant to “virtually automatic” deportation; (4) that the “presumptively mandatory” consequence of deportation is clear from the face of the immigration statute; (5) that counsel failed to accurately advise the movant about the deportation consequences of the plea; and (6) that, if the movant had been accurately advised, he or she would not have entered the plea.
Id. (citations omitted).
We therefore affirm the summary denial of the defendant’s postconviction motion without prejudice to his right to amend, in good faith, consistent with this Court’s opinion. Should he do so, we remind the trial court to either attach portions of the record conclusively refuting his claims or to hold an evidentiary hearing on the matter.
WARNER, GROSS and MAY, JJ„ concur.