# Third District Court of Appeal

**State of Florida**

Opinion filed October 14, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-981
Lower Tribunal No. 12-2148-A
_____

**Kemar Hardware,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Robbins, Tunkey, Ross, Amsel, Raben & Waxman and Benjamin S. Waxman, for appellant.

Pamela Jo Bondi, Attorney General, and Robert Martinez Biswas, Assistant Attorney General, for appellee.

Before LAGOA, EMAS and FERNANDEZ, JJ.

PER CURIAM.

Affirmed. See State v. Sinclair, 995 So. 2d 621 (Fla. 3d DCA 2008) (defendant sought to vacate his plea based upon counsel's failure to advise of deportation consequences of the plea; however, defendant was deportable based not only his plea, but based on the fact that he overstayed his visa and was in the country illegally at the time of the plea; held that defendant was not entitled to seek relief unless he "could establish the plea in the case under attack is the *only* basis for deportation")(quoting Forrest v. State, 988 So. 2d 38, 40 (Fla. 4th DCA 2008) (emphasis in original)). See also Cano v. State, 112 So. 3d 646 (Fla. 4th DCA 2013) (holding that a defendant seeking to vacate his plea pursuant to Padilla v. Kentucky, 559 U.S. 356 (2010), must establish that he was present in the country lawfully at the time of the plea and that the plea at issue is the sole basis for the defendant's deportation).

LAGOA and FERNANDEZ, JJ., concur.

EMAS, J. specially concurring in result.

I concur in the result, given the totality of the circumstances presented to the trial court. However, I write separately to explain my disagreement with portions of this court's opinion in State v. Sinclair, 995 So. 2d 621 (Fla. 3d DCA 2008), and the Fourth District's opinion in Cano v. State, 112 So. 3d 646 (Fla. 4th DCA 2013), the two cases relied upon by the majority in affirming the trial court's order.

**FACTS AND BACKGROUND**

In May 2012 Hardware pleaded no contest to four charges: the felony charges of carrying a concealed firearm and possession with intent to sell eight grams of marijuana; and the misdemeanor charges of resisting an officer without violence and carrying a concealed weapon. Pursuant to a plea bargain, the court withheld adjudication of guilt and placed Hardware on one year of drug offender probation.

In October 2012 Hardware was served with a Notice to Appear before a federal immigration judge for removal proceedings. The Notice to Appear informed Hardware he was subject to removal for three reasons; the latter two comprise the felony charges in the instant case:

1) Hardware remained in the United States longer than permitted after having been admitted as a non-immigrant

under section 101(a)(15) of the Immigration and Nationality Act ("the Act")[1];

2) Hardware was convicted of possessing or carrying a concealed firearm; and

3) Hardware was convicted of an aggravated felony as defined in section 101(a)(43)(B) of the Act, which includes an offense related to illicit trafficking in a controlled substance.

Well after the plea, and only upon receiving the Notice to Appear, Hardware consulted with an immigration attorney, who advised Hardware that he could secure relief from the first two bases for removal but not for the third basis: the aggravated felony resulting from his plea to possession with intent to distribute marijuana. In his advisory letter to Hardware, the immigration attorney noted that Hardware is married to a United States citizen and that her visa petition on his behalf had been approved. Hardware was thus eligible to file an application for adjustment of status to become a legal resident of the United States, but for the plea to the aggravated felony of possession with intent to distribute marijuana.

---

[1] Hardware entered the United States from Jamaica on August 15, 2001. His visa expired on February 15, 2002, and at the time of his plea, Hardware had remained in the United States for the past ten years on an expired visa.

In October 2013, Hardware filed a motion for postconviction relief, seeking to vacate his plea. Hardware alleged his defense attorney rendered ineffective assistance of counsel by failing to properly advise him that his plea to the felony of possession with intent to distribute marijuana would result in his mandatory detention and deportation. See Padilla v. Kentucky, 559 U.S. 356 (2010) (holding that counsel's advice regarding deportation consequences of a plea can fall within the ambit of the Sixth Amendment right to counsel, and that counsel's failure to advise a client of the presumptively mandatory deportation consequences of plea constitutes deficient performance under Strickland v. Washington, 466 U.S. 668 (1984)).

Hardware averred in his motion that at the time he entered the plea he did not know the plea would result in his mandatory detention and deportation, and that had he known this, he would have rejected the plea and would have gone to trial.

The trial court summarily denied Hardware's motion for postconviction relief. Relying on Cano, 112 So. 3d at 646, the trial court concluded that because Hardware was unlawfully in the country at the time of the plea, he could not set forth a legally sufficient Padilla claim. The trial court also held that, pursuant to our decision in Sinclair, 995 So. 2d at 621, Hardware could not satisfy Strickland's prejudice prong because the instant plea was not the sole basis for his deportation.

5

While I concur that the trial court properly denied relief, my concurrence is not based upon the holdings of <u>Cano</u> and <u>Sinclair</u>. I do not agree with <u>Cano</u>'s bright-line rule that any defendant who is unlawfully in the country at the time of the plea is prohibited as a matter of law from seeking relief on a <u>Padilla</u> claim. Further, I do not agree with our own decision in <u>Sinclair</u> to the extent that it holds a defendant is prohibited as a matter of law from seeking relief where there is *any* alternative basis for deportation, regardless of the nature of that alternative basis.

I conclude that affirmance is warranted in this case because, under the totality of the circumstances, including the fact that Hardware had been in the country illegally for ten years; knew of his illegal status; and had taken no steps and made no effort prior to the plea to adjust or change that status, Hardware could not objectively establish "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

### **ANALYSIS**

A defendant who asserts a claim for ineffective assistance of counsel must meet the two-prong test set forth in <u>Strickland</u>, 466 U.S. at 687, which requires a showing of both deficient performance and prejudice. Prior to this court's opinion in <u>Sinclair</u>, virtually all of the decisions involved cases in which a defendant's prior conviction served as the alternative basis for deportation. <u>See e.g.,</u>

6

Dumenigo v. State, 988 So. 2d 1201 (Fla. 3d DCA 2008); Ojurongbe v. State, 973 So. 2d 621 (Fla. 3d DCA 2008); Prieto v. State, 824 So. 2d 924 (Fla. 3d DCA 2002). In those cases, we held that a defendant cannot establish Strickland's prejudice prong where the defendant had a prior conviction which subjected him to deportation. This makes sense because, given the existence of a prior conviction (for which he was already deportable), a defendant is unable to prove that it would be objectively reasonable under the circumstances to reject a plea offered for a subsequent offense upon a claim that this subsequent offense would also subject him to deportation.

In Sinclair, this court extended the reach of these decisions, holding that a defendant cannot establish prejudice where there is *any* additional basis for deportation. Sinclair, who had been admitted to the United States from Nicaragua on a student visa, entered a negotiated plea to two felony charges that rendered him subject to deportation. He filed a motion to vacate his plea, alleging that he was not properly advised of the deportation consequences of his plea. However, the deportation notice sent to Sinclair indicated that he was subject to deportation not only for the two felony convictions under attack, but on the alternative basis that Sinclair had overstayed his student visa. The trial court held that this additional basis for deportation did not automatically defeat the defendant's claim. We reversed:

7

In order to establish prejudice as a result of the failure to advise a defendant of the deportation consequences of a plea, "[t]he burden is on the movant to establish that the plea in the case under attack is the *only* basis for deportation. Only then can the movant show prejudice resulting from the failure to advise of deportation consequences in the case under attack." Forrest v. State, 988 So.2d 38, 40 (Fla. 4th DCA 2008) (emphasis in original); see also Dumenigo v. State, 988 So.2d 1201 (Fla. 3d DCA 2008).

Sinclair, 995 So. 2d at 623.

In both Forrest and Dumenigo (the cases relied upon in Sinclair), the issue was whether the defendant had a prior conviction which served as an alternative basis for deportation. Although the Forrest court did state that the case under attack must be "the *only* basis for deportation," Forrest, 988 So. 2d at 40, the cases relied upon for that statement involved defendants with prior deportable convictions. See e.g., Prieto, 824 So. 2d at 924; State v. Oakley, 715 So. 2d 956 (Fla. 4th DCA 1998). The decisions in Forrest and Dumenigo had no reason to consider alternative bases for deportation *other than* a prior conviction (an overstayed visa, for example). The strict holding of both Dumenigo and Forrest is that a defendant must establish that the plea under attack is the only *conviction*[2] for which the defendant is subject to deportation. I do not agree with Sinclair's

---

[2] Although I refer to a prior "conviction" I include a withhold of adjudication or other disposition short of a conviction which still renders a defendant deportable. See e.g., Gomez v. State, 126 So. 3d 444 (Fla. 4th DCA 2013) (noting the fact defendant received a withhold of adjudication did not prevent defendant from being deportable).

extension of the holdings in <u>Dumenigo</u> and <u>Forrest</u> to bar relief as a matter of law where the alternative basis for deportation is something other than a prior conviction.[3]

Two years after our decision in <u>Sinclair</u>, the United States Supreme Court decided <u>Padilla</u>, 559 U.S. at 356, wherein the Court reaffirmed <u>Strickland</u> and held that the Sixth Amendment right to effective assistance of counsel requires an attorney to properly advise a client when a plea to a particular offense subjects the client to automatic or presumptively mandatory deportation. <u>Id.</u> at 368-69.

Three years after <u>Padilla</u>, the Fourth District decided <u>Cano</u>, 112 So. 3d at 646. <u>Cano</u> interpreted <u>Padilla</u>, and later cases applying <u>Padilla</u>, to "require a movant to show a number of things in order to be entitled to relief." <u>Id.</u> at 648. The <u>Cano</u> court followed <u>Sinclair</u>'s bright-line rule (that the plea at issue must be the *only* basis for deportation) and added one of its own, holding that <u>Padilla</u> claims are limited to defendants who were lawfully in the United States at the time of the plea:

---

[3] Even the holdings of <u>Forrest</u> and <u>Dumenigo</u> have an exception. This Court has previously held that even where there is a separate prior conviction, a defendant may still seek to vacate a plea so long as he is seeking simultaneously to vacate both the instant plea and the prior conviction based upon a failure to properly advise of the deportation consequences in each case. <u>See e.g.</u>, <u>State v. Gutierrez</u>, 45 So. 3d 946 (Fla. 3d DCA 2010) (holding prior conviction as alternative basis for deportation not a bar to relief if defendant seeking simultaneously to set aside both pleas for failure to advise of deportation consequences).

Where a movant has received the standard "may" or "could" deportation warning required by rule 3.172(c)(8), to state a claim for relief under *Padilla*, a movant must establish the following: (1) that the movant was present in the country lawfully at the time of the plea; (2) that the plea at issue is the sole basis for the movant's deportation; (3) that the law, as it existed at the time of the plea, subjected the movant to "virtually automatic" deportation; (4) that the "presumptively mandatory" consequence of deportation is clear from the face of the immigration statute; (5) that counsel failed to accurately advise the movant about the deportation consequences of the plea; and (6) that, if the movant had been accurately advised, he or she would not have entered the plea.

Cano, 112 So. 3d at 648 (emphasis added).

Thus, the Fourth District extended Sinclair's holding to require not only that the plea at issue is the sole basis for deportation, but also that the defendant must be lawfully in the United States at the time of the plea. Such bright-line rules would appear to run counter to the "reasonable under the totality of the circumstances" analysis set forth by the Florida Supreme Court. See Grosvenor v. State, 874 So. 2d 1176, 1182 (Fla. 2004). More to the point, I do not agree (as Sinclair holds) that the existence of *any* alternative basis for deportation bars relief as a matter of law, nor do I agree (as Cano holds) that a defendant must establish he was lawfully in the United States at the time of the plea as a threshold to seeking relief. I can envision a situation in which a movant, who is not lawfully present in the country at the time of the plea and who is facing an alternative basis

10

for deportation, could nevertheless allege a legally sufficient <u>Padilla</u> claim which, if proven, meets the prejudice prong of <u>Strickland</u>. The following hypothetical scenario should help illustrate this fact and underscore my reluctance to follow the bright-line requirements of <u>Cano</u> and <u>Sinclair</u>:

● A defendant is in the country on a two-year visa. He overstays that visa by one month, making him deportable. Wishing to remain in the United States, he hires an immigration lawyer to assist in the process of seeking an adjustment of his status and eventually seeking lawful permanent resident status.

● The immigration lawyer works on the defendant's behalf for a year, and while his petition is pending a final determination, the defendant is arrested for possession with intent to distribute marijuana, an aggravated felony under immigration law.

● The defendant hires a criminal defense attorney who is made aware of defendant's immigration status and the immigration attorney's efforts to seek an adjustment of that status. Nevertheless, the criminal defense attorney negotiates a plea to a withhold of adjudication and probation, and convinces his client to accept the plea. The attorney fails to advise defendant of the automatic deportation consequences of the negotiated plea.

● A month after this plea, defendant receives a Notice to Appear before a federal immigration judge for removal proceedings. The Notice to Appear informs the defendant he is subject to removal for two reasons (the same two bases for deportation in our case): the conviction for possession with intent to distribute marijuana, and his overstayed visa.

Obviously, the hypothetical defendant cannot establish that he was "present in the country lawfully at the time of the plea." See Cano 112 So. 3d at 648. Nor can he establish that "the plea in the case under attack is the *only* basis for deportation." See Sinclair, 995 So. 2d at 623. Both Cano and Sinclair would bar this claim *as a matter of law* and without an evidentiary hearing, prohibiting a defendant from attempting to establish an objectively reasonable probability that he would have rejected the plea had he been properly advised of the virtually automatic deportation consequences.

However, under the totality of the circumstances, and given this hypothetical defendant's actions, prior to the plea, to adjust his legal status and seek lawful permanent resident status (including retaining and paying an attorney to assist in the process, and efforts expended over the course of a year leading to an impending immigration hearing), such a defendant might well be able to establish that it would have been objectively rational under the circumstances to reject the plea and insist on going to trial, had he been properly advised that his plea would nullify all of these ongoing efforts and result in his automatic deportation. The fact that he was not lawfully in the United States at the time of the plea, and the fact that his overstayed visa is an alternative basis for deportation are *factors* which are properly considered in the Strickland analysis, but should not serve as bright-line rules altogether barring a defendant under these circumstances from seeking relief.

12

While it may be true that most movants who are in the United States illegally will not be able to plead or prove the requisite prejudice, the bright-line rules of <u>Sinclair</u> and <u>Cano</u> admit of no exception in which a defendant could conceivably plead and prove prejudice notwithstanding their illegal status at the time of the plea. Hewing to these bright-line rules is incompatible with the requisite totality-of-the-circumstances analysis and individualized determination of these claims.[4]

## **CONCLUSION**

I believe this court should recede from <u>Sinclair</u>, returning us to the prior holdings relied upon and unnecessarily extended by <u>Sinclair</u>, which require that a defendant may not seek to vacate a plea where a defendant is deportable based upon a prior <u>conviction</u>,[5] unless defendant is simultaneously seeking to vacate that

---

[4] The holdings of <u>Sinclair</u> and <u>Cano</u> suggest a focus on whether the outcome of the **deportation process** would not have been different (i.e., whether movant would nevertheless have been deported on the alternative basis) rather than focusing on whether, but for counsel's deficient performance, the outcome of the **plea process** would have been different. Analogous misapplications of the <u>Strickland</u> standard in the context of pleas have been rejected in the past. <u>See e.g.</u>, <u>Grosvenor</u>, 874 So. 2d at 1181 (holding that a defendant seeking to vacate a plea under <u>Hill</u>/<u>Strickland</u> need not show that he would have rejected the plea and **prevailed** at trial, but only that he would have rejected the plea and **proceeded** to trial); <u>Brazeail v. State</u>, 821 So. 2d 364, 368 (Fla. 1st DCA 2002) (observing that the focus of the analysis is whether the outcome of the **plea proceedings** would have been different, not on whether the outcome of the **trial proceedings** would have been different).

[5] The viability of this long-established rule may also be called in doubt in light of <u>Padilla</u>. Those cases holding that a prior conviction for a deportable offense bars

13

prior conviction. We should also certify conflict with the Fourth District's bright-

line rule announced in <u>Cano</u>.

---

relief did so without distinguishing among different types of deportable offenses. <u>Padilla</u> changed that analysis, distinguishing convictions that render a defendant's deportation presumptively mandatory, from those convictions for which deportation is not presumptively mandatory. If a defendant's prior conviction did not fall into the former category (i.e., deportation presumptively mandatory) it may well be that a defendant could assert that the existence of that prior conviction (for which he was <u>not</u> mandatorily deportable) is different in kind from the instant plea (i.e., a plea rendering a defendant mandatorily deportable) such that he would not have entered the instant plea had he known of the different-in-kind, mandatory deportation consequences of the instant plea.

14