PER CURIAM.
Affirmed. See State v. Sinclair, 995 So.2d 621 (Fla. 3d DCA 2008) (defendant sought to vacate his plea based upon counsel’s failure to advise of deportation consequences of the plea; however, defendant was deportable based not only his plea, but based on the fact that he overstayed his visa and was in the country illegally at the time of the plea; held that defendant was not entitled to seek relief unless he “could establish the plea in the case under attack is the only basis for deportation”)(quoting Forrest v. State, 988 So.2d 38, 40 (Fla. 4th DCA 2008) (emphasis in original)). See also Cano v. State, 112 So.3d 646 (Fla. 4th DCA 2013) (holding that a defendant seeking to vacate his plea pursuant to Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), must establish that he was present in the country lawfully at the time of the plea and that the plea at issue is the sole basis for the defendant’s deportation).
LAGOA and FERNANDEZ, JJ., concur.