SLEET, Judge.
Glenroy Blackwood appeals the denial of his Florida Rule of Criminal Procedure *1147 3.850 motion for postconviction relief after an evidentiary hearing. Blackwood, a Jamaican citizen legally present in the United States, alleged that his trial counsel failed to warn him that he would be subject to automatic deportation as a result of entering a plea to aggravated assault with a deadly weapon and that had he known of the deportation consequences, he would not have entered the plea but instead would have proceeded to trial. Because the only evidence provided at the evidentiary hearing supported Blackwood’s sworn assertions in his postconviction motion, we reverse the postconviction court’s order denying relief.
Under Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), counsel has a duty to provide correct advice about the deportation consequences of a plea when those consequences are clear from the relevant immigration statute. Id. at 369, 130 S.Ct. 1473 (“[W]hen the deportation consequence is truly clear ... the duty to give correct • advice is equally clear.”). On appeal, the State concedes that Blackwood’s plea to aggravated assault with a deadly weapon made him eligible for automatic deportation. See 8 U.S.C. § 1227(a)(2)(A)(iii) (2015) (“Any alien who is convicted of an aggravated felony at any time after admission is de-portable.”); § 1101(a)(43)(F) (defining an aggravated felony as “a crime of violence ... for which the term of imprisonment [is] at least one year” (footnote omitted)); 18 U.S.C. § 16(a) (2015) (defining a crime of violence as “an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another”), Blackwood’s trial counsel testified at the evidentiary hearing that he did not advise Blackwood that he would be subject to automatic deportation as a result of the plea. The post-conviction court correctly found that counsel’s performance was deficient.
The postconviction court also found that Blackwood would not have entered the plea had he been accurately advised of the deportation consequences by his trial counsel based on Blackwood’s sworn statements in his postconviction motion and his testimony at the evidentiary hearing. However, the court denied the motion after concluding that Blackwood had not proven that he was subject to automatic deportation under the federal immigration statute. The postconviction court relied on the test outlined by the Fourth District in Cano v. State, 112 So.3d 646, 648 (Fla. 4th DCA 2013), which requires a postconviction movant to establish
(1) that the movant was present in the country, lawfully at the time of the plea; (2) that the plea at issue is the sole basis for the movant’s deportation;. (3) that the law, as it existed at the time of the plea, subjected the movant to “virtually automatic” deportation;. (4) that the “presumptively mandatory” consequence of deportation is clear from the face of the immigration statute; (5) that counsel failed to accurately advise the movant about the deportation consequences of the plea; and (6) that, if the movant had been accurately advised, he or she would not have entered the plea.
In order to succeed on a claim of ineffective assistance of counsel, a movant “must show that counsel’s performance was deficient [and] ... that the deficient performance prejudiced the defense.” Hernandez v. State, 124 So.3d 757, 762 (Fla. 2012) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In this case, the post-conviction court found that Blackwood had met this burden but imposed an additional requirement that he also prove that he was subject to automatic deportation under the federal immigration statute. This was error.
*1148 In Cano, the Fourth District addressed the facial sufficiency of a motion denied under Flores v. State, 57 So.3d 218 (Fla. 4th DCA 2010), decision quashed, 184 So.3d 447 (Fla. 2014), which held that giving defendants the rule 3.172(c)(8) warning that they may be subject to deportation as a consequence of entering a plea cured the prejudice to all defendants alleging a claim under Padilla. 112 So.3d at 647-48. In Hernandez, the Florida Supreme Court abrogated the holding in Flores, explaining that an equivocal warning in a plea colloquy that a plea may or may not result in deportation “cannot by itself refute a claim that [a defendant] was unaware of presumptively mandatory consequences.” 124 So.3d at 763. Under Hernandez, even when defendants have received the warning required by rule 3.172(c)(8) from the court during their plea colloquy, they may still show prejudice if they were subject to automatic deportation under the federal immigration statutes. Id. Thus, Cano is limited to its facts and should not be read to impose an additional evidentiary burden on all defendants asserting ineffective assistance of counsel claims under Padilla.
The record reflects that the trial court did not give Blackwood a rule 3.172(e)(8) warning during his plea colloquy. Therefore, it is irrelevant whether Blackwood is subject to automatic deportation under the federal immigration statutes; there was no record evidence that Blackwood, a noncitizen, received any warning of potentially adverse immigration consequences before entering his plea. See Padilla, 559 U.S. at 369, 130 S.Ct. 1473. Because the postconviction court found that Blackwood’s counsel was deficient and that Blackwood would not have entered the plea had he been properly advised of the deportation consequences, the court should have granted the motion. Accordingly, we reverse and remand for the post-conviction court to grant the motion and allow Blackwood to withdraw his plea.
Reversed and remanded with instructions.
NORTHCUTT and SALARIO, JJ., Concur.