NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ABEL ALONSO HUERTA,                    )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D16-3946
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
_____    )

Opinion filed October 4, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Manatee County; Deno Economou, Judge.

Jorge Leon Chalela, Tampa, for Appellant.


SLEET, Judge.

          Abel Alonso Huerta appeals the summary denial of his timely amended

Florida Rule of Criminal Procedure 3.850 motion for postconviction relief as facially

insufficient.  We reverse the postconviction court's order and remand for consideration

of the motion on its merits because Huerta's motion stated a facially sufficient claim for

relief under Padilla v. Kentucky, 559 U.S. 356 (2010).

          To state a facially sufficient claim for postconviction relief, a movant must

allege "that counsel's performance was deficient [and] . . . that the deficient

performance prejudiced the defense." Blackwood v. State, 217 So. 3d 1146 (Fla. 2d DCA 2017) (alterations in original) (quoting Hernandez v. State, 124 So. 3d 757, 762 (Fla. 2013)). In his amended motion, Huerta alleged that his trial counsel failed to warn him that he would be subject to presumptively mandatory deportation as a result of entering a plea to felony possession of a controlled substance and felony battery. See 8 U.S.C. § 1227(a)(2)(B)(i) (2013) ("Any alien who at any time after admission has been convicted of a violation of . . . any law . . . relating to a controlled substance . . . is deportable."); § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); § 1101(a)(43)(F) (defining an aggravated felony as "a crime of violence . . . for which the term of imprisonment [is] at least one year" (footnote omitted)); 18 U.S.C. § 16(a) (2013) (defining a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another"). Huerta contended that had he known the deportation consequences of entering the plea, he would have instead proceeded to trial.

The postconviction court denied Huerta's amended motion as facially insufficient, citing Agent v. State, 19 So. 3d 1114, 1115 (Fla. 2d DCA 2009), and Ramirez v. State, 124 So. 3d 967, 968 (Fla. 4th DCA 2013), in support. In Agent, this court explained that the defendant's postconviction motion was facially insufficient because the defendant failed to allege that he would not have entered his plea but for counsel's error. 19 So. 3d at 1115. Because Huerta alleged that he would not have pleaded but for counsel's failure to adequately advise him of the deportation consequences, his motion sufficiently alleged prejudice. See Deck v. State, 985 So. 2d

- 2 -

1234, 1238 (Fla. 2d DCA 2008) ("[I]n order to satisfy the 'prejudice' requirement of Strickland v. Washington, 466 U.S. 668 (1984), in a case involving a plea, the defendant must allege and prove only that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985))).

In Ramirez, the Fourth District affirmed the summary denial of a postconviction motion but did so without prejudice to the defendant's right to file a facially sufficient motion consistent with Cano v. State, 112 So. 3d 646, 648 (Fla. 4th DCA 2013). 124 So. 3d at 968. As we recently explained in Blackwood, "Cano is limited to its facts and should not be read to impose an additional evidentiary burden on all defendants asserting ineffective assistance of counsel claims under Padilla." 217 So. 3d at 1146. Huerta alleged that his counsel failed to properly advise him of the presumptively mandatory deportation consequences of his guilty plea under the federal immigration statutes and that but for his counsel's insufficient advice, he would not have entered the plea. Therefore, Huerta's motion for postconviction relief was facially sufficient. See Hernandez, 124 So. 3d at 762. Accordingly, we reverse and remand for the trial court to consider the motion on its merits.

Reversed and remanded.

NORTHCUTT and SILBERMAN, JJ., Concur.