DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JIDIER A. SAAVEDRA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-30

[June 6, 2018]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 502013CF001180BXXXMB.

Jidier Saavedra, Crawfordville, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Jidier Saavedra appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. In his motion, Saavedra alleged that his 2014 plea of no contest to several controlled substance offenses was involuntary because counsel affirmatively misadvised him that he would not be deported as a result. Contrary to what he had been told, he now claims that Immigration and Customs Enforcement (ICE) has lodged a detainer against him. Having determined that Saavedra alleged a facially sufficient claim, which is not refuted by the record, we reverse and remand.

In 2014, Saavedra entered a global plea agreement in eleven cases. Specifically, he entered a plea of no contest to several controlled substance offenses including a count for trafficking in hydrocodone, which would subject him to mandatory deportation under the federal immigration code. *Hernandez v. State*, 124 So. 3d 757, 762-63 (Fla. 2012) (citing 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(B)(i)).

Less than two years after entering his plea, Saavedra was informed that ICE lodged a detainer against him. After learning about the detainer, he filed this timely motion for post-conviction relief, claiming that his plea was involuntary because counsel affirmatively misadvised him that he would not be deported.

We conclude that Saavedra's claim is facially sufficient because he alleged that: (i) he was lawfully in the United States when he entered his plea; (ii) the sole basis for the ICE detainer lodged against him was his 2014 plea; (iii) the law, as it existed when he entered his plea, subjected him to virtually automatic deportation; (iv) the presumptively mandatory consequence of deportation is clear on the face of the federal immigration code; (v) counsel failed to accurately advise him about the deportation consequences of his plea; and (vi) if he had been accurately advised, he would have rejected the plea offer. *Cano v. State*, 112 So. 3d 646, 648 (Fla. 4th DCA 2013).

Furthermore, Saavedra's claim is not refuted by the record. The record reflects that Saavedra's plea form warned that his plea "could" result in deportation, and during the plea colloquy, he was given an equivocal warning regarding the possibility of deportation. In cases like this, where mandatory deportation will result from a plea, these equivocal warnings are not sufficient to refute a claim that counsel provided inaccurate advice regarding deportation. *Id.*

The State asserts that Saavedra's motion is facially insufficient because he failed to establish that his removal is based solely on his 2014 plea. As Saavedra has alleged that the ICE detainer is based solely on his 2014 plea, this is an issue that should be addressed during an evidentiary hearing.[1]

Accordingly, we reverse and remand with instructions for the trial court to conduct an evidentiary hearing on Saavedra's claim.

*Reversed and remanded.*

WARNER, GROSS and CIKLIN, JJ., concur.

---

[1] We note that Saavedra filed a motion to supplement the appellate record with a copy of a document that purports to be the ICE detainer. As this detainer was not part of the record below, the motion was denied. The proper place to present this evidence for the first time is in the trial court.

\*      \*      \*

*Not final until disposition of timely filed motion for rehearing.*